UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT HILTON,

                Plaintiff,

    -against-

LINA GARCIA and MARYLAND AUTHORHOUSE USA,

                Defendants.

24-CV-9829 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action against individual Lina Garcia and Maryland Author House, a self-publishing company ("Defendants"). By Order dated January 7, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 7.) On February 7, 2025, Plaintiff filed an amended complaint. (ECF No. 11). For the reasons set forth below, the Court dismisses the amended complaint for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id.* at 678-79. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678.

## BACKGROUND

The following facts are drawn from the amended complaint.[1] Plaintiff alleges that Lina Garcia, a senior publishing consultant, engaged in fraudulent activities by charging $150 to his credit card and not responding to his messages or calls. (ECF No. 11 at 2, 4, 5.) Garcia also advertised a Facebook promotion with misleading pricing, which increased from $300 to $600.

---

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation appear as in the amended complaint, unless noted otherwise.

(*Id.* at 6.)  When Plaintiff called self-publishing company Maryland Author House, "they had no idea who Lina Garcia was."  (*Id.* at 5.)  Plaintiff does not state the relationship, if any, between the two.

Plaintiff asserts claims of "fraudulent activities, false doctrine, federal stolen funds, regulation . . . violations of fraudulent activities from credit card account security act violation."  (*Id.* at 2.)  Plaintiff seeks unspecified relief.  (*Id.* at 6.)

Plaintiff states that he is retired and receiving benefits from the Social Security Administration.  (ECF No. 2.)  Plaintiff also filed a motion requesting *pro bono* counsel.  (ECF No. 5.)

## DISCUSSION

**A.    Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.  "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction."  *Manway Constr. Co. v. Hous. Auth. Of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (emphasis added); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

### 1. Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff must assert claims that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

Plaintiff does not assert that Defendants violated any federal laws. Rather, Plaintiff brings only common law fraud and conversion claims, alleging that he was defrauded of $150 in "federal stolen funds" and suffered from "fraudulent activities from credit card account security act violation."[2] Plaintiff appears to allege that his credit card was wrongfully charged and that the funds taken were "federal" because Plaintiff's income originates from United States Social Security Administration benefits. Regardless of the source of Plaintiff's income, Plaintiff has not asserted any claim arising under federal law. Therefore, the Court lacks federal question jurisdiction over this matter.

### 2. Diversity Jurisdiction

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For purposes of diversity jurisdiction, an individual is a citizen of the state where he is domiciled. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A

---

[2] Even if Plaintiff's allegations could be understood as bringing a claim under federal securities law, his allegations do not implicate anything that could be deemed a "security" within the meaning of the Securities Act of 1933, 15 U.S.C. § 77b(a)(1).

corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business, usually its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Plaintiff lists a home address in Arverne, New York, which is located in Queens County. (ECF No. 11 at 3.) He does not plead any facts about the citizenship of Lina Garcia or Maryland, or provide addresses for either defendant. Plaintiff thus does not establish that the citizenship of the parties is diverse.

Moreover, to invoke the Court's diversity jurisdiction, a plaintiff must allege to a "reasonable probability" that the claim exceeds $75,000, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006). Plaintiff's amended complaint does not specify the amount in controversy, but his $150 monetary loss is far below the $75,000 statutory requirement. Therefore, Plaintiff has not met his burden of demonstrating that the Court has diversity jurisdiction over his claims.

Because Plaintiff's amended complaint has not established federal question jurisdiction or diversity jurisdiction, the Court dismisses the amended complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

**B.  Leave to Amend Is Denied**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Plaintiff has

already amended his complaint once, as of right. Because Plaintiff cannot cure the defects in his complaint with another amendment, the Court declines to grant Plaintiff further leave to amend.[3]

## CONCLUSION

The Court dismisses Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff's application for the Court to request *pro bono* counsel, ECF No. 5, is denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   July 10, 2025
        New York, New York

                                                      /s/ Kimba M. Wood
                                                          KIMBA M. WOOD
                                                United States District Judge

---

[3] Nothing in this Order prevents Plaintiff from pursuing state law claims in state court or reporting a scam to the New York State Attorney General or to law enforcement authorities.